**Jiansheng LIU, Petitioner,**

v.

**Michael B. MUKASEY,[1] U.S. Attorney General, Respondent.**

**No. 07–1913–ag.**

United States Court of Appeals, Second Circuit.

Dec. 27, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B.

Marco Pignone III, Phila., Pa, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Carl H. McIntyre, Jr., Assistant Director; Francis W. Fraser, Senior Litigation Counsel, Office of Immigration Litigation, U.S. Department of Justice, Wash., D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Jiansheng Liu, a citizen of the People's Republic of China, seeks review of an April 6, 2007 order of the BIA affirming the September 14, 2005 decision of Immigration Judge ("IJ") Gabriel C. Videla denying Liu's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Liu,* No. A 98 356 951 (B.I.A. Apr. 6, 2007), *aff'g* No. A 98 356 951 (Immig.Ct.N.Y.City, Sept. 14, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision "as modified by the BIA's decision—that is, minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't*

Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as

the respondent in this case.

*of Justice,* 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *e.g., Tao Jiang v. Gonzales,* 500 F.3d 137, 140 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

As an initial matter, we agree with the government that by failing to raise relevant arguments in his brief to this Court, Liu has waived any challenge to the agency's discretionary denial of his asylum claim and its denial of his CAT claim. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

■ We find that the agency's adverse credibility determination was supported by substantial evidence where it was based on the following findings: (1) Liu's testimony was inconsistent regarding when his mother was arrested and when she was released; (2) his testimony about the schools he attended was internally inconsistent and inconsistent with his asylum application; (3) his testimony that he was at school when his mother was arrested was inconsistent with his testimony about when he attended school; (4) Liu appeared to be testifying from a memorized script; and (5) he testified that his mother was arrested along with several neighbors, but he failed to mention the neighbors in his asylum application.

Several of these findings are plainly central to Liu's claims for relief. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003). But "even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters 'collateral or ancillary to the claim,' the cumulative ef-

fect may nevertheless be deemed consequential by the fact-finder." *Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006) (citation omitted). Moreover, although Liu was given the opportunity to explain these inconsistencies and omissions, the IJ reasonably rejected his explanations. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (holding that the agency need not credit an applicant's plausible explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

Accordingly, the IJ properly found that Liu failed to meet the burden of proof required for asylum and withholding of removal, as both claims were based upon the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

■ With respect to the IJ's finding that Liu knowingly filed a frivolous asylum application and the BIA's affirmance of that determination, however, we conclude, for reasons similar to those underlying our remand in *Biao Yang v. Gonzales,* 496 F.3d 268 (2d Cir.2007), that the case should be remanded to the BIA for analysis consistent with its recent decision in *In re Y–L–,* 24 I. & N. Dec. 151 (B.I.A.2007), in which it tried to clarify the standards for reviewing frivolousness determinations. *See Biao Yang,* 496 F.3d at 278 ("In light of the ambiguities in the statute and regulations, and in light of the fact that some of these ambiguities remain even after *Y–L–,* we believe that the most prudent course of action is to remand these cases for the BIA to interpret and apply the standards it set forth in *Y–L–* in the first instance.").

It is not evident that the IJ's frivolousness finding in this case comports with the requirements set forth in *In re Y–L–.* For example, it is unclear whether the IJ made sufficiently separate factual findings with respect to the frivolousness determination, whether this determination was supported

by a preponderance of the evidence, and whether the IJ gave the petitioner sufficient notice that he was considering a frivolousness determination. *See id.* at 277–79; *In re Y–L–,* 24 I. & N. Dec. at 156, 158–60.

In *Biao Yang,* we noted the ambiguity that remains even after the BIA's decision in *In re Y–L–. Cf. Luciana v. Attorney Gen. of the U.S.,* 502 F.3d 273, 282 n. 11 (3d Cir.2007) (agreeing with the *Biao Yang* panel that "many of the precise contours of frivolousness remain unsettled"). On remand, we asked the BIA to consider additional issues, such as "to what extent the IJ is required to set out his or her factual findings to support a frivolousness determination separately from the adverse credibility determination and to what extent he or she is permitted to incorporate by reference the findings made to support an adverse credibility determination." *Biao Yang,* 496 F.3d at 279. Because those issues also bear on this case, on remand, the BIA should reconsider its ruling in light of both its pronouncements in *In re Y–L–* and its resolution of the additional issues on which we requested clarification in *Biao Yang.*

For the foregoing reasons, the petition for review is DENIED in part and GRANTED in part, the decision of the BIA is AFFIRMED in part and VACATED in part, and the case is REMANDED for further proceedings consistent with this order.